IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**WILLIAM CAREN,**

    **Plaintiff,**

**vs.**                                                                 **CASE NO. 4:07CV320-RH/AK**

**STATE OF FLORIDA, et al,**

    **Defendants.**

    _____/

## O R D E R

Presently before the Court is Plaintiff's Request for Intercession by the United States District Judge, (doc. 7), which the undersigned construes as a motion for recusal. The undersigned will not construe this request as a Rule 72 appeal to the district judge since Plaintiff is not appealing the decision made in any particular order, rather he contends the undersigned is biased against him and his case should be reassigned to another magistrate judge.

Plaintiff filed a complaint without submitting either the filing fee or a motion for leave to proceed in forma pauperis (IFP).  A member of the court's staff prepared a form order for entry in this case, which apparently should have been entered in another case. There was no bias involved in entry of this order, it was merely a mistake. Since entry of the order, Plaintiff has elected to pay the full filing fee.  (Doc. 4).  Consequently, the incorrect order is moot and has caused no delay or other adverse impact on the case,

but it will be vacated. Nonetheless, Plaintiff contends that this error justifies reassignment of his case to another magistrate judge.

The law applicable to judicial disqualification states in pertinent part:

"(a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

"(b) He shall also disqualify himself in the following circumstances:

"(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; ...." 28 U.S.C. §455(a)-(b)(1).

The standard for recusal based upon an allegation of impartiality is whether a reasonable man knowing all the circumstances would have doubts about the impartiality of a judge. In re BellSouth Corp., 334 F.3d 941, 970 (11th Cir. 2003). There is nothing inherent in the entry of this order that indicates any bias by the undersigned. The order was incorrect, it will be vacated, and this case will proceed.

Further, this cause has been reviewed pursuant to 28 U.S.C. §1915A and it is deemed sufficient to alert Defendants to the nature and basis of Plaintiff's claims. It cannot be said upon this review of the complaint that Plaintiff has failed to state a claim upon which relief may be granted. The Court will hereby direct service on the State of Florida, as represented by the Governor, also a named defendant, and the State Attorney General, Bill McCollum.

Accordingly, it is

**ORDERED:**

**No. 4:07CV320-RH/AK**

1. Plaintiff's Request for Intercession, construed as a motion for recusal (doc. 7) is **DENIED**.

2. The Order entered on August 20, 2007 (doc. 3) is **VACATED**.

3. The docket shall reflect that there are two Defendants in this action: **Charlie Crist and Bill McCollum**. The address for service of process for **Bill McCollum is: Attorney Generals Office, Department of Legal Affairs, The Capitol, PL-01, Tallahassee, FL 32399-1050; and the address for service of process for the Charlie Crist, as Governor of the State of Florida is: Executive Office of the Governor, 400 S. Monroe Street, The Capitol, Tallahassee, FL 32399-0001**.

4. **The Clerk of Court is directed to issue summons for the Defendants in this action and to prepare and send to the United States Marshal a copy of this order and a copy of the complaint (doc. 6) for each Defendant**. Pursuant to Fed. R. Civ. P. 4(c)(2), all costs of service shall be advanced by the United States.

5. The Marshal shall forward to the Plaintiff USM 285 forms for each Defendant. The instructions shall require Plaintiff to complete and return the forms to the United States Marshal's office in Tallahassee within twenty (20) days from the date of receipt thereof. Failure by Plaintiff to return the completed forms within this time period may result in the dismissal of this case.

6. The Marshal shall serve Defendants by sending a copy of the complaint and summons **via certified mail** to them at the addresses specified above.

7. The Clerk of Court is directed to return this file to the undersigned if a return of service is filed which indicates that service has not been executed.

**No. 4:07CV320-RH/AK**

8. After a response to the complaint has been filed by Defendants, Plaintiff shall be required to mail a copy of every pleading or other paper, including letters, submitted for consideration to the Court, to the attorney for Defendants. Plaintiff shall include with each original paper that is filed with the Clerk of the Court a certificate stating the date a correct copy of the paper was mailed to each Defendant or to counsel for Defendants. Any paper submitted that does not contain a certificate of service shall be returned by the Clerk and disregarded by the Court.

9. In accordance with 28 U.S.C. § 636(c)(2), the Clerk shall forward a form for consenting to trial by the magistrate judge, with the case number written on it, to Plaintiff. If Plaintiff wishes to consent, he should sign the form and forward it to counsel for Defendants, who shall return it to the Clerk only if Defendants consent.

**DONE AND ORDERED** this   3rd   day of October, 2007.

>                    *s/ A. KORNBLUM*
>                    **ALLAN KORNBLUM**
>                    **UNITED STATES MAGISTRATE JUDGE**

**No. 4:07CV320-RH/AK**