IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WILLIAM CAREN,

    Plaintiff,

vs.                                      CASE NO. 4:07cv320-RH/AK

CHARLES V. CRIST, et al.,

    Defendants.

_____/

**O R D E R**

Defendants have filed a Motion for Summary Judgment. (Doc. 15). This order advises Plaintiff of his burden in opposing summary judgment and sets deadlines and directions for any proposed discovery related to this motion.

"[S]ummary judgment may not be entered against a party unless the court has strictly complied with the notice requirements mandated by Fed. R. Civ. P. 56(c)." Brown v. Shinbaum, 828 F.2d 707, 708 (11th Cir. 1987), *citing* Griffith v. Wainwright, 772 F.2d 822, 824-25 (11th Cir. 1985). This requires that the Court give express 10 day notice of the summary judgment rules, of the right to file affidavits or other material, and the consequences of default; *i.e.*, the fact that final judgment may be entered without a trial and that the moving party's evidence may be accepted as true if not contradicted by sworn affidavits. *Id.* This order is entered in compliance with Brown and Griffith.

Plaintiff is advised that in opposing the motion he is the nonmoving party, and as Plaintiff he bears the burden of proof. In this situation, Defendants need not negate

Plaintiff's claim.  Rather, the burden on a defendant moving for summary judgment is to demonstrate an absence of evidence to support the plaintiff's case.  <u>Celotex Corporation v. Catrett</u>, 477 U.S. 317, 323, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986).  In opposition, Plaintiff must come forward with **evidentiary material** demonstrating a genuine issue of fact for trial.  Reliance on the pleadings is inadequate.  477 U.S. at 324.  Evidentiary material which would be acceptable in opposition to the motion includes sworn affidavits, sworn documents, or other evidence indicating the existence of a genuine issue of material fact.  Fed. R. Civ. P. 56(e).  Sworn affidavits offered in opposition to the motion must be based on personal knowledge, set forth such facts as would be admissible into evidence, and affirmatively show that the affiant is competent to testify to the matters stated therein.  Fed. R. Civ. P. 56(e).

**If Plaintiff believes that discovery is necessary to obtain evidentiary materials before filing a response to Defendants' motion, he shall file a motion for discovery and attach the discovery he proposes to serve upon the Defendants**.

As required by N.D. Fla. Loc. R. 56.1(A), Defendants submitted a statement of undisputed material facts.  In opposing summary judgment, Plaintiff shall (in addition to submitting other materials permitted by the Federal Rules, discussed above) submit a separate statement of facts as to which he contends that there *is* a genuine issue of fact to be tried.  *See* N.D. Fla. Loc. R. 56.1(A).  The statement shall reference the appropriate deposition, affidavit, interrogatory, admission, or other source of the relied upon material fact, by page, paragraph, number or other detail to enable the Court to readily locate the source of the fact.  *Id.*  Facts set forth in the Defendants' statement will be deemed admitted unless controverted by the Plaintiff's statement.  *Id.*

The Court will take the motion for summary judgment under advisement on **March 10, 2008.** Plaintiff must file all argument and evidence in opposition to summary judgment **before** that date. If additional time is needed, Plaintiff must file a motion for extension of time (describing why the time is needed and how much time is necessary) **before** the date on which the motion will be taken under advisement. The file will be referred to the undersigned on that date, and any delay in entry of a report and recommendation after that date will be due to the need to adjudicate motions in other cases which have become ready for adjudication earlier than this case. Defendants need not file any further materials if they wish to rely upon the special report and materials submitted therewith, but are permitted to do so by the deadline stated above.

Accordingly, it is **ORDERED:**

1. The parties are advised that the motion for summary judgment will be taken under advisement on **March 10, 2008,** and a report and recommendation will be entered after that date. They must submit any additional material in support of or opposition to summary judgment before that date.

2. If Plaintiff wishes to conduct discovery he shall file a motion with the proposed discovery attached within thirty days of this order.

**DONE AND ORDERED** this  **9**<sup>th</sup>  day of January, 2008.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**