**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION**

**WILLIAM CAREN,**

**Plaintiff,**

**vs.** **CASE NO. 4:07CV320-RH/AK**

**CHARLIE CRIST, et al,**

**Defendants.**

**_____________________________/**

**REPORT AND RECOMMENDATION**

Plaintiff brings this cause pursuant to 42 U.S.C. §1983 alleging that he was not allowed to present expert testimony at his criminal trial as to his diminished capacity to form the intent necessary to commit the offense with which he was charged and ultimately convicted. (Doc. 1). Plaintiff claims that the State of Florida allows evidence of other types of diminished capacity, such as battered woman's syndrome and post-traumatic stress disorder, and that this selective use of the evidence violates his equal protection rights under the Fourteenth Amendment.

Plaintiff contends that he is not challenging the validity of his conviction, rather he seeks a declaratory judgment that the discriminatory application of the state rule of evidence is unconstitutional. Plaintiff also seeks injunctive relief to prohibit the use of the unconstitutional rule of evidence against him in the future. (Doc. 1).

Defendants have filed a motion for summary judgment (doc. 15), and Plaintiff has responded. (Doc. 20).

## I. Standard of Review

A district court should grant summary judgment when, “after an adequate time for discovery, a party fails to make a showing sufficient to establish the existence of an essential element of that party’s case.” Nolen v. Boca Raton Community Hospital, Inc., 373 F.3d 1151, 1154 (11th Cr. 2004), *citing* Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986). All issues of material fact should be resolved in favor of the Plaintiff or non-moving party before the Court determines the legal question of whether the defendant is entitled to judgment as a matter of law under that version of the facts. Durruthy v. Pastor, 351 F.3d 1080, 1084 (11th Cir. 2003); Skrtich v. Thornton, 280 F.3d 1295, 1299 (11th Cir. 2002). The Plaintiff has the burden to come forward with evidentiary material demonstrating a genuine issue of fact for trial. Celotex, 477 U.S. at 322-23. Plaintiff must show more than the existence of a "metaphysical doubt" regarding the material facts, Matsushita Electric Industrial Co., LTD. v. Zenith Radio Corporation, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986), and a "scintilla" of evidence is insufficient. There must be such evidence that a jury could reasonably return a verdict for the party bearing the burden of proof. Anderson v. Liberty Lobby, 477 U.S. 242, 251, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986). “For factual issues to be considered genuine, they must have a real basis in the record.” Mize v. Jefferson City Board of Education, 93 F.3d 739, 742 (11th Cir. 1996).

"Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " Owen v. Wille, 117 F.3d 1235, 1236 (11th Cir. 1997), *cert. denied* 522 U.S. 1126 (1998), *quoting*

Celotex, 477 U.S. at 324, 106 S. Ct. at 2553 (quoting Fed. R. Civ. P. 56(c), (e)). The nonmoving party need not produce evidence in a form that would be admissible as Rule 56(e) permits opposition to a summary judgment motion by any of the kinds of evidentiary materials listed in Rule 56(c). Owen v. Wille, 117 F.3d at 1236; Celotex, 477 U.S. at 324, 106 S. Ct. at 2553.

While a moving party is not required to support his motion for summary judgment with affidavits, Celotex, supra at 323, the facts stated in uncontradicted affidavits or other evidentiary materials must be accepted as true for purposes of summary judgment. Gauck v. Meleski, 346 F.2d 433, 436 (5th Cir. 1965).

**II. Defendants' Rule 56(e) evidence (doc. 15)**

a) Inmate Population Detail (exhibit A)

Plaintiff was convicted in 1987 and sentenced to life imprisonment.

b) Denial by Court of Appeals for the Eleventh Circuit (doc. 17)

Defendants filed this supplemental exhibit which is the denial of Plaintiff's Application to the Court of Appeals to file a successive habeas petition to raise his claim that he lacked the mental capacity to plead guilty to a capital offense. The Court of Appeals denied the application because it was not based on a new rule of constitutional law or newly discovered evidence. The denial was filed March 20, 2006.

**III. Plaintiff's Response (doc. 20)**

Plaintiff argues in response that the undersigned and the other judges of the Northern District of Florida are condoning the unconstitutional acts of the defendants and that he will cite case law on appeal that supports his position.

## IV. Analysis

a) Governor Crist is not a proper party

Plaintiff has apparently sued Governor Crist because he believes he is responsible for the rules of evidence used in state courts in Florida. However, as Defendants correctly note, a governor is not liable for the implementation of state laws simply because of his "general executive powers." Harris v. Bush, 106 F.Supp. 2d 1272, 1276-1277 (N.D. Fla. 2000). Nor is a governor liable under the doctrine of absolute legislative immunity for signing a bill (or statutory rules) into law. Supreme Ct. of Va. v. Consumers Union of United States, Inc., 446 U.S. 719, 731-34, 100 S.Ct. 1967, 1974-76, 64 L.Ed.2d 641 (1980). Plaintiff has not alleged nor otherwise made clear what his basis for suing Governor Crist is, but he has not shown that the governor is responsible for or has connection to the rule of evidence at issue or its interpretation and application by the state courts. See Luckey v. Harris, 860 F.2d 1012, 1015-16 (11th Cir.1988) (state officers can only be sued if they are "responsible for" a challenged action and have "some connection" to the unconstitutional act at issue).

b) Eleventh Amendment Immunity as to Defendant McCollum

Plaintiff does not identify in which capacity he sues Defendant McCollum, but the nature of his claims against the Florida Attorney General are not personal in nature, i.e. he does not claim that Bill McCollum personally took any action against him, he does not claim that McCollum was the prosecuting attorney who actually "used" the rule of evidence against him, rather he his suing the attorney general as an "office" for policies made as attorney general related to the use of evidence in criminal trials. As such, Plaintiff's suit is clearly against a state official in his official capacity and is "no different

from a suit against the State itself." Will v. Michigan Depart. of State Police, 491 U.S. 58, 71 (1989). Thus, the Eleventh Amendment bars suits against state employees for *monetary relief* in their official capacity. Kentucky v. Graham, 473 U. S. 159, 169, 105 S.Ct. 3099, 87 L.Ed2d 114 (1985); Hobbs v. E.E. Roberts, 999 F.2d 1526, 1529-30 (11th Cir. 1993). However, Plaintiff seeks no damages and is suing for declaratory judgment and prospective relief only, which is not precluded by the Eleventh Amendment. See Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 102-103 (1984) (a state officer who has allegedly violated the constitutional rights of a plaintiff may be sued in his official capacity for injunctive or declaratory relief governing his future conduct, but is immune, in his official capacity, to suit for retroactive monetary relief (damages) arising out of the same conduct.). Thus, this ground for relief is not well taken.

c) Declaratory Relief

Despite Plaintiff's statements to the contrary, he is seeking a declaration by this Court that the rules of evidence used by the state court at his criminal trial were unconstitutional, the result of which would be a determination that "he was in custody in violation of the Constitution..." which is clearly a habeas matter. See 28 U.S.C. §2254. Thus, Plaintiff would be barred from this type of relief in a civil rights action brought under 42 U.S.C. §1983.

d) Injunctive Relief

Plaintiff seeks to enjoin the defendants from "this unconstitutional behavior against this plaintiff in the future." The nature of this relief, i.e. prohibiting him from presenting evidence about his mental incapacity at a future criminal trial, is too

speculative to demonstrate a "real and immediate threat" of future injury to satisfy the "injury in fact" requirement for seeking prospective injunctive relief. See City of Los Angeles v. Lyons, 461 U.S. 95, 103 (1983); Wooden v. Board of Regents, 247 F.3d 1262 (11th Cir. 2001). Plaintiff is serving a life sentence. The likelihood that he would be released and face criminal charges for which he would seek to admit evidence of his mental incapacity at a state court criminal trial again is remote at best. Thus, he would barred from this type of relief as well.

e) Diminished capacity

As for the merits of Plaintiff's claims concerning the rule of evidence of which he complains, Plaintiff alleges that he was not allowed to present evidence of an unspecified "disorder" "which rendered him incapable of forming the intent necessary to mens rea," and that battered women and veterans are able to submit evidence of Battered Woman's Syndrome and Post-Traumatic Stress Disorder.

Plaintiff has not provided any case law to support his contention that these types of mental illnesses are admissible during the initial phase of a criminal trial. Actually, it has been the law in Florida for decades that evidence of mental illness not constituting legal insanity is **not** admissible at trial. See Ezzell v. State, 88 So.2d 280 (Fla. 1956); Everett v. State, 97 So.2d 241 (Fla. 1957), *cert. denied* 355 U.S. 941 (1958); Tremain v. State, 336 So.2d 705 Fla. 4th DCA 1976). See also Chestnut v. State of Florida, 538 So.2nd 820 (Fla. 1989) (supreme court specifically rejects doctrine of diminished capacity for abnormal mental condition not constituting legal insanity in burglary and battery cases). The supreme court distinguished evidence of incapacitating circumstances such as intoxication, medication, epilepsy, infancy or senility, which lay

persons commonly understood, and psychiatric abnormalities which only experts would be expected to understand. Id. at 823. See also Bunney v. State, 603 So.2d 1270 (Fla. 1992) (explaining in more detail the distinction in the holding in Chestnut). The Florida courts continue to hold that evidence relating to a general mental impairment as proof of diminished capacity is **not** admissible. Bunney, *at* 1273, n.1; Evans v. State, 946 So.2d 1, 11 (Fla. 2006). The United States Supreme Court has recently upheld this rule of law as not in violation of Due Process. Clark v. Arizona, 548 U.S. 735 (2006).

The Court's own research has revealed that evidence of mental illness or other such factors referred to as "mental mitigation" may, upon notice, be presented during the *penalty* phase of a capital trial in Florida. See Fla. R. Crim. P. Rule 3.202; see Annotations to Fla. R. Crim. P. Rule 3.850 (regarding post-traumatic stress disorder in particular). Battered-Spouse Syndrome is considered a special defense requiring notice, but it is not considered proof of diminished mental capacity to form intent. See Fla. R. Crim. P. Rule 3.201. Thus, Plaintiff's claim is not well taken on three points: (1) he has not alleged what mental illness he suffered from nor provided any facts to support his claim that he was not allowed to submit evidence about it; (2) the Supreme Court has approved state court rules that limit proof of general mental illnesses not constituting legal insanity; and (3) the evidence which Plaintiff contends was applied by Florida state courts in a discriminatory manner is not similar to the evidence he contends should have been allowed in his case, i.e. he has not shown that others similarly situated were given more favorable treatment than himself. Thus, the merits of Plaintiff's claims are not well grounded in the facts or the law.

    f) Equal Protection

The Equal Protection Clause does not require absolute equality. Ross v. Moffitt, 417 U.S. 600, 612 (1974). Government action may have a disparate impact upon persons similarly situated, but it is not unconstitutional absent a discriminatory intent. Washington v. Davis, 426 U.S. 229, 239 (1976); Personnel Administrator of Massachusetts v. Feeney, 442 U.S. 256, 272 (1979). Thus, to prevail on an equal protection claim, a prisoner must demonstrate that he is similarly situated to other inmates who were treated more favorably, and that his discriminatory treatment was based on some constitutionally protected interest. Jones v. Ray, 279 f.3d 944, 947 (11th Cir. 2001). Plaintiff must set forth facts which show that Defendant discriminated against him on the basis of "race, religion, national origin, poverty or some other constitutionally protected interest." Damiano v. Florida Parole and Probation Comm., 785 F.2d 929, 932-33 (11th Cir. 1986).

Plaintiff has not specifically identified the constitutionally protected interest he is asserting, but presumably it is criminal defendants with mental disorders not constituting legal insanity. This is not a recognized "protected interest." Further, as noted above, the persons Plaintiff complains about who received more favorable treatment, i.e. criminal defendants who were allowed to present evidence of battered spouse syndrome and post traumatic stress disorder, are not "similarly situated. Thus, Plaintiff has not stated a claim of violation of his equal protection rights.

g) Limitations Period

As Defendants suggest, the claim raised in the complaint arose when Plaintiff was convicted without being able to admit evidence of his mental illness which occurred

in 1987.

A federal § 1983 claim is governed by the forum state's residual personal injury statute of limitations. Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999), *citing* Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). In Florida, "a plaintiff must commence a § 1983 claim . . . within four years of the allegedly unconstitutional or otherwise illegal act." Burton, 178 F.3d at 1188, *citing* Baker v. Gulf & Western Indus., Inc., 850 F.2d 1480, 1483 (11th Cir.1988). Thus, Plaintiff's claims are barred by the statute of limitations.

h) Rooker-Feldman Doctrine

Finally, Defendants raise the issue that Plaintiff is barred from federal review of a matter which could or should have been raised in the state court proceedings. According to the *Rooker-Feldman* doctrine, "a United States District Court has no authority to review final judgements of a state court in judicial proceedings. Powell v. Powell, 80 F.3d 464 (11th Cir. 1996). The doctrine has two statutory bases: (1) 28 U.S.C. §1257, which limits federal review of state court proceedings to the United States Supreme Court; and (2) 28 U.S.C. §1331, which limits original jurisdiction in federal court to "civil actions arising under the Constitution, laws or treaties of the United States." *Id.*, at 466. The doctrine applies not only to claims actually raised in the state court proceedings, but claims that are "inexplicably intertwined" with the state court judgment. *Id.*, *citing* District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 n.16 (1983). Since neither party has provided the Court with copies of any of the state court documents or decisions, there is not sufficient information to decide this

ground for relief.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendants' Motion for Summary Judgment (doc. 15) be **GRANTED**, and this cause be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the clerk of court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Gainesville, Florida, this **7th** day of May, 2008.

***s/ A. KORNBLUM***
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**